IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARRELL R. RISTER, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-4846 |
| : | |
| JEFFERY BURKE, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**PADOVA, J.**                                                                                                              **APRIL 18, 2022**

      Plaintiff Tarrell R. Rister, a prisoner incarcerated at Federal Detention Center – Philadelphia, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, for constitutional violations arising from his arrest and prosecution on murder and firearms charges. Currently before the Court are Rister's Amended Complaint (ECF No. 5),[1] his Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 3, 6), and his Prisoner Trust Fund Account Statements (ECF Nos. 4, 7, 8). For the following reasons, the Court will grant Rister leave to proceed *in forma pauperis* and dismiss the Amended Complaint in its entirety.

---

[1] Rister initiated this action on November 1, 2021 by filing a Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. Several weeks later on November 22, 2021, Rister submitted an Amended Complaint (ECF No. 5) which superseded the original, and is the governing pleading in this case. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). The Clerk of Court will be directed to update the caption in this matter accordingly.

**I.   FACTUAL ALLEGATIONS**[2]

On December 22, 2017, Rister was charged in a criminal proceeding in Philadelphia County with first degree murder and several related firearms charges arising from the shooting death of Muhammaud Johnson on December 16, 2017.[3] *See Commonwealth v. Rister*, CP-51-CR-0002723-2018 (C.P. Philadelphia County); *Commonwealth v. Rister*, MC-51-CR-0038481-2017 (M.C. Philadelphia County); (*see also* Am. Compl. at 6, 14.)[4] The public docket in Rister's underlying criminal case for Johnson's murder reflects that Rister is still awaiting trial in the Court of Common Pleas of Philadelphia County on these charges with a trial date currently set for May 2, 2022.[5] *See Commonwealth v. Rister*, CP-51-CR-0002723-2018 (C.P. Philadelphia County).

Rister brings this civil rights action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights arising from a long list of alleged "misconduct" primarily by members of the Philadelphia Police Department and the Philadelphia

---

[2] The factual allegations set forth in this Memorandum are taken from Rister's Amended Complaint (ECF No. 5), and public court dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] Rister filed another case pursuant to 42 U.S.C. § 1983 seeking damages for constitutional violations stemming from Johnson's "wrongful death" based on the alleged negligence of police and EMTs. The Court dismissed Rister's Complaint for lack of standing on March 17, 2022. *See Rister v. Meyer*, No. 21-5058, 2022 WL 815812, at *1-*2 (E.D. Pa. Mar. 17, 2022)

[4] The Court adopts the pagination supplied to the Amended Complaint by the CM/ECF docketing system.

[5] The Court notes that Rister is also currently awaiting trial on federal drug charges in this District before the Honorable Juan R. Sánchez, Chief Judge, stemming from his participation in a narcotics exchange with a correctional officer while he was a prisoner detained at the Philadelphia Industrial Correctional Center. *See United States v. Rister*, Crim. A. No. 19-0327, (Superseding Indictment, ECF No. 9; Order, ECF No. 67). Rister's federal criminal trial is currently set for August 1, 2022. (Order, ECF No. 67).

2

District Attorney's Office that resulted in his arrest and prosecution on these charges. (Am. Compl. at 18.) In general, Rister contends that the Defendants collectively "failed to intervene and take basic investigative steps leading to the true perpetrator [of Johnson's murder] that resulted in the mistaken identification/false arrest of . . . Rister based off of tainted evidence planted by corrupt police defendants." (*Id.*) Rister named the following Defendants in this action: Philadelphia Police Department Detectives (1) William Joyce, #8129; (2) Jeffery Burke, #9106; (3) Freddie Mole, #9223; (4) Joseph Murray, #945; Philadelphia Police Department members (5) Sergeant Hayes; (6) Lieutenant Riehl; (7) Suchinsky; (8) Matthew Winscom, #7625; (9) Anthony Manes, #709; Philadelphia Police Department Crime Scene Unit Detectives (10) Berardi, #3064; (11) Davis, # 3151; (12) Yatcilla, #6642; (13) Sergeant Crosby, #343; (14) Hilbert; Highway Patrol Police Officers employed by the Philadelphia Police Department (15) Raymon Esqulin, #4200; (16) Ruben Velazquez, #3933; (17) Assistant District Attorney Matthew Krouse; and (18) the City of Philadelphia. (Am. Compl. at 4-5.) Rister also names John Doe Defendants One, Two, and Three, who he alleges are police officers with the Philadelphia Police Department; and John Doe Defendants Four and Five who, along with Jane Does One and Two, are alleged to be employees at Curran Fromhold Correctional Facility. (*Id.*) Finally, Rister also names the Federal Detention Center as a Defendant in this matter. (*Id.* at 5.) Rister seeks to sue all Defendants in both their individual and official capacities. (*Id.*)

Rister alleges that at approximately 7:25 p.m. on December 16, 2017, Muhammaud Johnson "was gun[n]ed down at a meeting arranged by" Shakur Bennett in Northeast Philadelphia. (*Id.* at 6.) Rister alleges that this meeting was related to the sale of drugs, and claims that his meeting was a setup orchestrated by Bennett for Johnson who, just a few days earlier, had "a fight and/or argument" with Bennett. (*Id.*) Briefly stated, the majority of Rister's

remaining allegations describe the police investigation that followed to determine who was responsible for Johnson's death.  In recounting the investigatory steps the police took, Rister identifies multiple instances of what he contends are acts of police misconduct, including, but not limited to destruction of evidence, failure to preserve evidence, improper use of suggestive photo arrays for witness identification, falsification of records and documents, lying in affidavits to obtain warrants, and coercion and intimidation of witnesses.  Rister appears to claim that all of these acts of misconduct were motivated by knowledge that the information the police obtained was harmful to the prosecution's case and exculpatory to Rister.

     For example, Rister alleges that moments after the shooting, several of the Defendant Philadelphia Police Officers arrived on the scene and conducted neighborhood interviews, found witnesses to the shooting, and learned of a possible co-conspirator, but "failed to preserve . . . or intentionally destroyed" documents identifying the witnesses and the possible co-conspirator and their contact information.  (*Id.* at 6-7.)  Rister claims that these Defendants handled the witness information improperly because they "believed these witnesses [were] harmful to the prosecution['s] case and [were] favorable to . . . Rister's Innocence."  (*Id.* at 7.)  Rister similarly claims that Defendants Burke, Joyce, and Mole obtained video footage of the shooting that evening from a private residence but also "failed to preserve and/or . . . deliberately destroyed" the video evidence they recovered because they knew it was "favorable to . . . Rister and . . . harmful to the prosecution['s] case[.]"  (*Id.* at 7-8; *see also id.* at 9.)  Rister also contends that Defendant Mole improperly obtained video footage from a convenience store without a warrant or without consent of a store employee by signing the voluntary consent form himself.  (*Id.* at 8.) According to Rister, the signature on the voluntary consent form was redacted so that Mole's improper conduct would not be revealed as Defendant Assistant District Attorney Krouse knew

this "misconduct [was] harmful" to the prosecution's case and "favorable to" Rister. (*Id.*) Rister further contends that several of the named Defendants intentionally destroyed or failed to preserve "a white cell phone (possessed by the victim) and purple packaged marijuana recovered" at the crime scene and then "deliberately falsified information and/or planted crime scene evidence against" Rister which was not actually recovered at the crime scene. (*Id.* at 9-10 (parenthetical in original).)

In addition to the failure to preserve and the destruction of evidence, Rister also alleges that several Defendants interfered with the photo array procedures used for identification purposes. Specifically, Rister alleges that Defendants Burke, Joyce, and Murray brought Shakur Bennett in for an interview regarding the recovery of his cellphone at the crime scene on December 17, 2017. (*Id.* at 10.) Rister claims that during this interview, Defendants Burke and Murray used a "suggestive identification strategy" and "pressured Mr. Bennett into falsely identifying . . . Rister by their intimidation and coercion[.]" (*Id.* at 10-11; *see also id.* at 14.) Rister asserts that Defendants Burke and Murray only showed Bennett "a single arrest (mug shot) photo" of Rister which displayed only his face and shoulders and a single video still photo of the alleged suspect which displayed the suspect wearing a hat, sweater, and jeans. (*Id.* at 11 (parenthetical in original).) Rister claims this "identification photo array comparison" is contrary to the Philadelphia Police Department's identification policy. (*Id.*) Additionally, according to Rister, Defendants Burke and Murray "failed to video tape and document the entire interview of Mr. Bennett" because of their misconduct. (*Id.*)

Rister also alleges a variety of other police misconduct. For instance, he claims that Defendant Murray searched cellphones and recovered evidence allegedly connecting Rister to the crime without consent or a warrant to search, and then "lied in his affidavits about [the]

cellphone evidence[.]" (*Id.* at 12.) He further claims that Murray lied in witness interviews and "fabricated a statement of Mr. Bennett[.]" (*Id.*) Rister next alleges Defendants Winscom and Manes found a Facebook account with a picture that appeared to match the shooting suspect from the convenience store video and also interviewed a white female witness who identified the suspect from the Facebook picture and claimed to know he was always in the area of the crime. (*Id.* at 12-13.) However, Rister claims that this Facebook evidence and the information for this white female witness was not persevered, or was deliberately destroyed because it was favorable to Rister.[6] (*Id.* at 13.) Rister alleges that this misconduct culminated in his arrest on December 22, 2017 for Johnson's murder. (*Id.* at 14.) Her further claims that several months later, during his representation of the Commonwealth at Rister's preliminary hearing, Defendant Assistant District Attorney Krouse "bribed [the] witness, Mr. Bennett to fabricate a story against" Rister and "influenced Mr. Bennett to conspire to falsification that he had been employed" by Krouse.[7] (*Id.*)

Based on these allegations, Rister alleges that the Defendants have violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. (*Id.* at 19-23.) Rister seeks a declaratory judgment with respect to various evidentiary issues in his criminal matter, asking the Court to find that Defendants' conduct violated his rights. (*Id.* at 24-27.) He also seeks compensatory damages, punitive damages, and costs. (*Id.* at 28.)

---

[6] Similarly, Rister alleges that a somewhat complicated and at times unclear series of events regarding the use of various intake and arrest photos of him – some with a beard and some without and some including a facial scar – and how these photos and others on Facebook were allegedly switched and altered by various Defendants in an attempt to suggest that Rister resembled the suspect. (*Id.* at 15-16.)

[7] Rister also alleges that Defendant Krouse "participated in a pattern of" racketeering activities from December 22, 2017 through July 25, 2019. (*Id.* at 14.)

## II. STANDARD OF REVIEW

The Court grants Rister leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[8] Accordingly, 8 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief"). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Rister is proceeding *pro se*, the Court construes

---

[8] However, as Rister is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.   Claims Against Assistant District Attorney Matthew Krouse

Rister names Philadelphia County Assistant District Attorney Matthew Krouse as a Defendant in this action, and sets forth various alleged instances of misconduct by Defendant Krouse that resulted in the allegedly false arrest and prosecution of Rister for Johnson's murder.  Any such claims against Krouse must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *id.*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a

state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Because Rister's claims against Krouse are based upon Krouse's actions as a prosecutor for Commonwealth at Rister's preliminary hearing on the criminal charges against Rister, he is entitled to absolute immunity and the claims against him will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.").

### B. Claims Against the Federal Detention Center

Rister names the Federal Detention Center – Philadelphia as a Defendant in this action and alleges that "the Federal Detention Center (FDC) . . . conspired with the (PPD) City of Philadelphia and . . . [D]efendant Krouse to fabricate[] documents" in order to "suggest that . . . Rister is (6'3) the same height as the presumed suspect when [Rister's] actual height is . . . 6'5." (*See* Am. Compl. at 16 (parentheticals in original).) Rister contends that the "misconducts/participation" of the Federal Detention Center violated his Due Process rights under the Fifth and Fourteenth Amendments. (*Id.* at 22-23.) Construed liberally, the Court understands the Amended Complaint to raise a constitutional claim under *Bivens*, the federal actor analogue to § 1983. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971); *see also Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'").

Any claims against Federal Detention Center – Philadelphia must be dismissed because a federal government entity is not a person subject to suit under *Bivens*. *See Hindes v. F.D.I.C.*,

9

137 F.3d 148, 158-59 (3d Cir. 1998) (recognizing that federal governmental entities are not "persons" subject to suit in a federal civil rights matter); *see also Gary v. Rocks*, No. 22-0393, 2022 WL 704644, at *3 (E.D. Pa. Mar. 8, 2022) (dismissing *pro se* prisoner's *Bivens* claim against "Federal Detention Center" on the basis that it was not a "person" subject to suit); *Huberty v. U.S. Ambassador to Costa Rica*, No. 07-1420, 2007 WL 3119284, at *4 (M.D. Pa. Oct. 22, 2007), *aff'd*, 316 F. App'x 120 (3d Cir. 2008) ("*Bivens* has been construed so that no remedy is extended to *Bivens* suits against federal agencies.") (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)).

### D. Section 1983 Claims Against the Remaining Defendants

Rister also names several additional individuals as Defendants, most of whom are employed by the Philadelphia Police Department,[9] as well as the City of Philadelphia. Rister alleges that the actions these Defendants took in the process of investigating Rister for Johnson's murder and ultimately for arresting him, violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendment because the Defendants fabricated evidence, falsified documents, and intimidated and coerced witnesses. He specifically seeks money damages and a declaratory judgment from the Court regarding various "tainted" pieces of evidence in his criminal proceeding that he claims violate his constitutional rights. (*See* Am. Compl. at 24-28.) In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle

---

[9] To the extent Rister's Amended Complaint could be liberally construed to name the Philadelphia Police Department itself as a Defendant, Rister's claim against the Philadelphia Police Department is not plausible and must be dismissed because the Philadelphia Police Department is not a proper defendant in a § 1983 claim. *See Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality).

of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Exception to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. These exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case. First, the publicly available docket from the Court of Common Pleas of Philadelphia County clearly indicates that criminal proceedings against Rister charging him with murder and several firearms offenses are currently

pending, with a trial date set for May 2, 2022. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Rister an adequate opportunity to argue in the state forum that the alleged misconduct by members of the Philadelphia Police Department and the District Attorney's Office resulted in his arrest and prosecution in a manner that violates his constitutional rights.[10] Further, there is nothing in the Amended Complaint to indicate that Rister falls within any of the narrow exceptions to the *Younger* doctrine. Accordingly, it is appropriate to abstain from entertaining Rister's remaining claims out of deference to the state judicial process.[11] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would

---

[10] This Court may assume that the state procedures will afford Rister an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").

[11] Rister's claims brought pursuant to 42 U.S.C. §§ 1985, 1986 and RICO are also subject to *Younger* abstention. *See e.g.*, *Cresci v. BCB Cmty. Bank*, 728 F. App'x 145, 147-49 (3d Cir. 2018) (affirming district court's decision to abstain under *Younger* in a case where the plaintiff, who was subject to a state attorney disciplinary proceeding, brought numerous claims in federal court – including various constitutional claims and a federal civil RICO claim); *Meador v. Paulson*, 385 F App'x 613 (8th Cir. 2010) (concluding that district court did not abuse its discretion in abstaining from resolving claims against a state prosecutor and state court judge pursuant to § 1985 under *Younger*); *Streater v. Paulson*, 217 F.3d 846 (9th Cir. 2000) (affirming district's application of *Younger* to state prisoner's claims under §§ 1985, 1986); *Brandy Found. Animal Sanctuary v. San Bernardino Cty.*, No. 08-02292, 2008 WL 11409512, at *3-*4 (C.D. Cal. June 20, 2008) (ordering a stay, on *Younger* abstention grounds, of the portions of the plaintiffs' § 1983 claims that concerned search and seizure, § 1985 conspiracy claims, and civil RICO claims, on the grounds that all of these claims were likely to interfere with ongoing criminal prosecutions).

impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477, 486-87 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." (citations omitted)); *see also Ellis v. Mondello*, Civ. A. No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

## IV. CONCLUSION

For the foregoing reasons, the Court grants Rister leave to proceed *in forma pauperis*. Rister's claims against Federal Detention Center – Philadelphia and Assistant District Attorney Matthew Krouse are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The remainder of Rister's claims are stayed pursuant to *Younger*.[12] Rister may move to reopen this action following resolution of his state court criminal case pending at *Commonwealth v. Rister*, CP-51-CR-0002723-2018 (C.P Philadelphia County).[13] An appropriate Order follows.

BY THE COURT:

s/ John R. Padova

**JOHN R. PADOVA, J.**

---

[12] *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) ("Williams' civil rights claims seek damages, relief that is unavailable from his ongoing state proceedings. We have required the district court to stay rather than dismiss claims that are under consideration in ongoing state proceedings.").

[13] Given the need to stay further proceedings, the Court expresses no opinion at this time as to whether any remaining claims suffer from any additional deficiencies.